24-570-cv
Hester v. Kelly

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of July, two thousand twenty-five.

PRESENT:
> GERARD E. LYNCH,
> EUNICE C. LEE,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

Ronald L. Hester,

> *Plaintiff-Appellant,*

> v.                                                                    24-570

Det. Jason Kelly, Det. John Regan, Sgt. Brian Plante,

> *Defendants-Appellees,*

**Albany County District Attorney, David Soares, Joseph Bracato, Justice Roger D. McDonough, Officer (1-9), Albany New York Police Department, Albany N.Y. Police Department (CR6), John Doe, Unnamed Albany Police Department Sergeant,**

*Defendants.*

_____

**FOR PLAINTIFF-APPELLANT:**     RONALD L. HESTER, pro se, Kissimmee, FL.

**FOR DEFENDANTS-APPELLEES:**     Abigail W. Rehfuss, The Rehfuss Law Firm, P.C., Latham, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **VACATED** in part, and the case is **REMANDED** to the district court for a new trial.

2

Appellant Ronald Hester, proceeding *pro se*, appeals from the district court's judgment for the defendants, following partial summary judgment and a jury verdict for defendants on the remaining claims in his 42 U.S.C. § 1983 action. Hester sued police officers under § 1983, alleging, *inter alia*, that they had violated his Fourth Amendment rights during the execution of a search warrant and a visual body cavity search. After dismissing several of Hester's claims, the district court, on defendants' motion, granted partial summary judgment, concluding that the search warrant was valid, that it covered the building where Hester was visiting, and that Hester lacked standing to challenge that search. *See Hester v. Regan*, No. 20-CV-1153, 2023 WL 5610754, at *2–4 (N.D.N.Y. Aug. 30, 2023) (LEK). A jury later found in the defendants' favor on the remaining claims relating to the visual body cavity search. On appeal, Hester challenges portions of the summary judgment ruling, the jury instructions, jury selection, and other trial rulings. We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

## I.     Abandoned Arguments

As an initial matter, Hester does not challenge the district court's dismissal

3

of his claims for excessive force, § 1983 conspiracy, provision of false testimony, violations of due process, and malicious prosecution, or his claim that the body cavity search violated the Albany Police Department's visual body cavity search policy. Nor does he challenge the district court's decision to grant summary judgment on his claims alleging false arrest, false imprisonment, or the invalidity of the search warrant based on false statements in the warrant application. Hester therefore has abandoned those claims or any related arguments. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995).

## II. Summary Judgment

Hester challenges the district court's summary judgment decision regarding the search of the subject apartment building. He renews his argument that the search warrant covered only the first floor, not other areas or floors of the building, but he does not address the district court's additional conclusion that he had no reasonable expectation of privacy in the building, which in itself precludes his argument about the scope of the warrant. In any event, the district court's conclusion was correct.

We review a grant of summary judgment *de novo*, "resolv[ing] all

ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011), quoting Fed. R. Civ. P. 56(a).

"Fourth Amendment rights are personal[] and may be enforced only by persons whose *own* protection under the Amendment has been violated." *United States v. Fields*, 113 F.3d 313, 320 (2d Cir. 1997) (emphasis in original). "A Fourth Amendment search does *not* occur—even when the explicitly protected location of a house is concerned—unless the individual manifested a subjective expectation of privacy in the object of the challenged search, and society is willing to recognize that expectation as reasonable." *Palmieri v. Lynch*, 392 F.3d 73, 81 (2d Cir. 2004) (alterations adopted and emphasis in original), quoting *Kyllo v. United States,* 533 U.S. 27, 33 (2001). "Residence may give rise to an expectation of privacy," and houseguests (even those with stays of short duration, such as overnight) may also have an expectation of privacy in a residence where, for

5

example, the "guest has permission to use an apartment, is given a key, and uses the apartment in the owner's absence." *Fields*, 113 F.3d at 320.

Here, the record contains no evidence that Hester had an expectation of privacy in the residence searched. It was not Hester's residence, and, by his own admission, he had only been in the apartment for "45 seconds" before the defendants executed the search warrant. Appellant's Br. at 3. Hester did not offer any evidence demonstrating that he had been given keys or had permission to use the apartment without the owner's presence. Accordingly, the district court properly concluded that Hester failed to show that he had a reasonable or subjective expectation of privacy in the apartment or apartment building.

## III.   Trial Errors

Hester's principal challenge on appeal concerns the district court's initial and supplemental jury instructions. "In general, we review challenges to jury instructions in civil cases *de novo*, and will grant a new trial if we find an error that is not harmless." *Rasanen v. Doe*, 723 F.3d 325, 331 (2d Cir. 2013) (internal quotation marks omitted). "If, however, the challenging party failed to object to the charge at trial, we review for plain error." *Id.* at 332. To satisfy that standard,

6

an appellant must demonstrate that the district court committed an "(1) error, (2) that is plain, and (3) that affect[ed] substantial rights." *United States v. Dussard*, 967 F.3d 149, 155 (2d Cir. 2020) (internal quotation marks omitted). If an appellant meets all three conditions, we may exercise our discretion to notice the error only if it "(4) [] seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

Hester's trial counsel did not object to the jury instructions during the charge conference. During deliberations, however, the jury submitted a note asking for clarification on how to determine whether a visual cavity search is conducted in a reasonable manner. In response, Hester's trial counsel requested supplemental instructions that would have directed the jury to consider more than just whether the officers had reasonable suspicion to search Hester, based on the principle that even if reasonable suspicion justifies a particular search, it still must be conducted in a reasonable manner. We need not determine whether that objection was sufficient to trigger *de novo* review on appeal because the district court's instructions fail to survive plain error review.

As Hester argues, the portion of the district court's instructions concerning

7

reasonableness focused exclusively on the reasonable suspicion requirement.[1]

We have clarified, however, that "visual body cavity searches conducted incident to any arrest must [] be supported by [reasonable suspicion] . . . *and must be conducted in a reasonable manner." Sloley v. VanBramer*, 945 F.3d 30, 40 (2d Cir. 2019) (emphasis added); *cf. Bell v. Wolfish*, 441 U.S. 520, 558–60 (1979) (explaining that visual cavity searches of inmates "must be conducted in a reasonable manner" to be constitutional). Here, the district court failed to give a reasonable manner instruction to the jury. Indeed, the court explained to counsel that the jury was "*not* being asked to determine whether the visual body cavity search . . . was conducted in a reasonable manner." Trial Tr. at 412:13–413:2, *Hester v. Regan*, No. 20-cv-1153 (N.D.N.Y. Apr. 28, 2025), ECF Nos. 121–23 (hereinafter "Trial Tr.") (emphasis added). That failure constitutes plain error. *See United*

---

[1] The court did instruct that "[t]o assess whether a search is reasonable or unreasonable under the Fourth Amendment, you are to assess the totality of the circumstances." Trial. Tr. at 387:25–388:2, *Hester v. Regan*, No. 20-cv-1153 (N.D.N.Y. Apr. 28, 2025), ECF Nos. 121–23. Immediately thereafter, however, the court tied that "totality of the circumstances" inquiry to the reasonable suspicion requirement by explaining that "[i]n other words, you are to consider all of the factors surrounding the arrest and the search to assess whether the officer had a particularized and objective basis for suspecting legal wrongdoing." *Id.* at 388:2–5. Thus, the jury was told that the "totality of the circumstances" it was to consider included only those circumstances bearing on the reasonableness of defendants' suspicion for conducting the search.

8

*States v. Hunt*, 82 F.4th 129, 139 (2d Cir. 2023) ("For an error in a jury instruction to be plain, it must, at a minimum, be clear under current law.") (internal quotation marks omitted).

The district court's error also affected Hester's substantial rights. *See United States v. Marcus*, 560 U.S. 258, 262 (2010) (explaining that, "[i]n the ordinary case," for a plain error to affect substantial rights "there must be a reasonable probability that the error affected the outcome of the trial"). Likewise, it impugned the fairness, integrity, or public reputation of judicial proceedings. *See id.* at 265–66 ("[I]n most circumstances, an error that does not affect the jury's verdict does not significantly impugn the fairness, integrity, or public reputation of the judicial process.") (internal quotation marks omitted); *see also United States v. Marcus*, 628 F.3d 36, 42 (2d Cir. 2010) ("[T]o have impacted [a defendant's] substantial rights and the fairness, integrity or public reputation of the judicial proceedings, the overall effect of the [] error must have been sufficiently great such that there is a reasonable probability that the jury would not have convicted him absent the error.").[2]

---

[2] "Courts have yet to define with much particularity what precisely it means to

Throughout the course of the trial, the parties hotly contested facts relevant to the way the cavity search was conducted, including how many officers were present for the search and whether it was conducted in the view of other arrestees. A reasonable jury that credited Hester's contentions as to those facts could have concluded that defendants conducted the visual cavity search in an unreasonable manner. Even in the prison context, the Supreme Court has noted that invasive searches such as strip searches and body cavity inspections must be conducted in a reasonable manner, evaluating, among other factors, "the place in which [such searches are] conducted." *Wolfish*, 441 U.S. at 559. To the extent practicable, strip and cavity searches should be conducted in a manner that provides a degree of privacy for the suspect, given that such searches require the suspect "to expose the most private areas of [his] body to others . . . [and] to assume degrading and humiliating positions." *Sloley*, 945 F.3d at 38 (internal

---

seriously affect the fairness, integrity or public reputation of judicial proceedings." *United States v. Mendonca*, 88 F.4th 144, 155 (2d Cir. 2023) (alteration adopted and internal quotation marks omitted). "That is not entirely by accident; the Supreme Court has explained that 'the fourth prong is meant to be applied on a case-specific and fact-intensive basis.'" *Id.* (alterations adopted), quoting *Puckett v. United States*, 556 U.S. 129, 142 (2009).

10

quotation marks omitted). The search here, a jury could find, was conducted near several police officers and two other arrestees. Indeed, according to Hester's version of events, no effort was made to shield his private parts from observation by observers other than the minimum number of officers necessary to conduct the search in a secure manner.[3]

In this case, moreover, we need not hypothesize what an abstract jury might have done. The jury was clearly interested in whether defendants conducted their visual cavity search of Hester in a reasonable manner. As explained above, during its deliberation the jury specifically questioned the district court about how to determine whether a search is conducted in a reasonable manner, focusing directly on issues that bore on that question:

> The instructions do not provide guidance on how to determine whether a visual cavity search is conducted in a reasonable manner.

---

[3] We do not suggest that the manner of the search was unreasonable as a matter of law. First, the facts regarding the conduct of the search were disputed. And second, *the jury* is the appropriate body to assess the degree to which the search was executed in a reasonable manner. *See Rivera v. United States*, 928 F.2d 592, 606–07 (2d Cir. 1991) (reversing the district court's grant of summary judgment to defendant police officers on a Fourth Amendment claim where officers "perform[ed] a publicly observable strip search" because the claim "raised questions of fact"). Indeed, the jury would be required to weigh the totality of the circumstances, including whether the search as conducted was excessively degrading and humiliating, and whether exigency, or some other circumstance, justified the time, place, and manner of the search.

11

> Should Albany Police Department policy on how to conduct a visual body cavity search be used to determine whether a visual body cavity search was conducted in a reasonable manner according to the Fourth Amendment? For example, if policy states a number of officers and more officers or other arrestees are present, does that imply a Fourth Amendment violation?

Trial Tr. at 413:13–21; *see also* Jury Note at 1, *Hester v. Regan*, No. 20-cv-1153 (Mar. 6, 2024), ECF No. 107.[4] We can thus be confident that instructions on that subject would have been important to a jury that, without prompting from the court, indicated its concern about whether the search might have violated the Constitution in light of the manner in which it was conducted.

Nevertheless, in the face of that inquiry, the district court did not instruct the jury on that topic. Instead, the court doubled down on its earlier instructions, insisting that in assessing the reasonableness of the search, the jury should have been focused on "one issue and one issue only, which is whether it was reasonable for Sergeant Plante to conduct a visual body cavity search," not the

---

[4] The jury's reference to the Albany Police Department policy may suggest that it was concerned with the nature of the visual body cavity search. The court admitted the Albany Police Department policy into evidence, and Hester characterized it as imposing several requirements—including that only two officers at a time can conduct a single strip search—which defendants arguably did not follow in this case. Trial Tr. at 111:4–10.

12

manner in which the officers conducted the search. Trial Tr. at 407:18–408:4. Although Hester's counsel suggested that the jury was entitled to assess "the manner and the location" of the body cavity search, *id.* at 408:22–24, and argued that the "case law is [] clear that even if an officer does have a reasonable suspicion, the search still has to be conducted in a reasonable manner," *id.* at 411:11–13, the court rejected the argument, and instead, simply re-read the jury its original instructions, with one minor, non-material alteration, *see id.* at 412:6–418:21.

Hester's counsel was indeed correct. As discussed above, a search conducted in an unreasonable manner may violate the Fourth Amendment even where there is ample justification for conducting the search. *See Galluccio v. Holmes*, 724 F.2d 301, 304 (2d Cir. 1983) ("Appellees are not shielded by the warrant from liability under 42 U.S.C. § 1983 if the warrant was executed in an unreasonable manner."). Given that the parties presented evidence on the manner of the search, the jury was clearly focused on that fact, and Hester's counsel framed the manner of the search as critical to one of Hester's claims,[5] the

---

[5] Indeed, Hester's counsel argued in both her opening statement and her summation

13

district court's failure to provide the requested instruction affected Hester's substantial rights and impugned the fairness, integrity, and public reputation of judicial proceedings. *See Tardif v. City of New York*, 991 F.3d 394, 415–16 (2d Cir. 2021) (concluding that an error in jury instructions was not harmless where "the substance and timing of [a jury] note," suggested that the jury was focused on a matter that was clearly affected by the erroneous instruction); *Sanders v. N.Y.C. Hum. Res. Admin.*, 361 F.3d 749, 758 (2d Cir. 2004) (explaining that "[a]n [erroneous] instruction that . . . strikes directly at a plaintiff's claim" is "generally not harmless"); *cf. Johnson v. United States*, 520 U.S. 461, 463, 469–70 (1997) (concluding that the district court's failure to submit an element of an offense to a jury did not seriously affect the fairness, integrity, or public reputation of judicial proceedings because, unlike here, the evidence of that element was

---

that how the defendants conducted the search was one of the critical inquiries relevant to Hester's Fourth Amendment claim. *See* Trial Tr. at 111:1–10 (arguing in the opening statement that "[p]art of our Fourth Amendment claim is not only that [defendants] didn't have a reasonable suspicion to do the search, but also that they did it under extremely unreasonable circumstances," pointing to the fact that "there were at least five to ten officers in [the] apartment [] at [the time of the search], and there were also [] two other arrestees there"); *id.* at 363:23–25 (explaining, in summation, that "we must ask ourselves whether or not the [visual cavity search] was justified, and if it was, whether or not it was conducted in a reasonable way").

14

"essentially uncontroverted").[6]

Accordingly, we conclude that the district court committed plain error by failing to instruct the jury on the manner of the search, and we vacate and remand to the district court for a new trial. Because we vacate and remand on the jury instruction error, we need not address any of Hester's other alleged trial errors, including his challenge to the jury selection process.

* * *

We have considered Hester's remaining arguments and find them to be without merit. Accordingly, we **VACATE** the judgment of the district court in part and **REMAND** for a new trial. We **AFFIRM** the judgment of the district court in all other respects.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[6] *See United States v. Olano*, 507 U.S. 725, 734 (1993) (explaining that the substantial rights portion of the plain error analysis "normally requires the same kind of inquiry" as a "harmless error inquiry") (internal quotation marks omitted).